888 F.2d 127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FEDERAL DEPOSIT INSURANCE CORP., Plaintiff,
v.
CARDINAL RESOURCES, INC. et al., Defendants,
and
Cumberland Valley National Bank, Defendant-Appellant,
and
Utica Mutual Insurance Company, Defendant-Appellee.
 No. 89-5119.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant-appellant, Cumberland Valley National Bank ("Cumberland") appeals from the order of the district court granting summary judgment for defendant-appellee, Utica Mutual Insurance Company ("Utica").[1] The matter arose from a priority dispute over 14 certificates of deposit assigned to Utica by defendant Cardinal Resources Inc. but held by Cumberland.
 
 
 2
 The district court concluded: first, that by retaining the certificates of deposit for safekeeping, Cumberland acted as a bailee for Utica; and second, that Utica perfected a superior security interest in the certificates of deposit by taking possession via Cumberland. Since Cumberland merely acted as bailee, Utica's certificates of deposit maintained their perfected status in Cumberland's hands.
 
 
 3
 After review of counsels' oral argument, the record, and the briefs submitted in this case, we find no error warranting reversal. Therefore, we AFFIRM the judgment of the district court which was issued on January 4, 1989, in the well-reasoned opinion and order of the Honorable Eugene E. Siler, Jr., Chief Judge for the Eastern District of Kentucky.
 
 
 
 [1]
 The original complaint was filed on May 7, 1986, by the plaintiff, Federal Deposit Insurance Corp. ("FDIC") naming as defendants Cardinal Resources, Inc., Shawmut Bank of Boston, N.A., and appellant Cumberland Valley National Bank. On June 26, 1986, Cumberland filed a motion to join additional parties. The motion was sustained and appellee, Utica Mutual Insurance Company, was one of the additional parties brought into the action